# George W. Colcord and Elijah Sprague, plaintiffs in error, *vs.* John P. Funck, defendant in error.

## Error to Desmoines.

A service on a defendant, on a petition under the mechanics' lien law, by posting a copy of the summons, on the property to which the lien attached, is not a good service, unless the defendant cannot be found to receive personal service. And the sheriff should first endorse " not found."

D. RORER, for plaintiffs in error.

JAMES W. WOODS, for defendant in error.

Errors assigned:
1. Judgment was taken by default, without any legal service of process on defendants, or either of them, or other legal notice.

2. In the plaintiff's petition, the defendant below is charged in debt and the judgment is rendered for a a sum in damages.

PER CURIAM, MASON, CHIEF JUSTICE.—This was a petition, filed under the mechanics' lien law. The return of the sheriff shows that he made a service of the writ, by posting a copy on the property to which the lien attached, without stating that the defendants could not be found in his county. This was defective, and a judgment having been obtained by *default*—we think substantially erroneous. The statute only authorizes his mode of service, where the debtor cannot be found in the county. See acts of 1840, page 78. The sheriff might have seen the defendants every day while the writ was in his possession, and still they may never have known of the pendency of the suit. Where debtors abscond, they must at their peril ascertain whether notices have been posted up on buildings they have recently erected, but not so, where they remain constantly in the county. If the sheriff neglected to serve the writ personally, when he had sufficient opportunity, and they have thereby suffered detriment, what is their remedy? The sheriff is not liable for a false return. Their only adequate remedy seems that to which they have resorted.

The judgment will consequently be set aside, and the case sent down, for further proceedings thereon, in the court below.